Ara Sahelian, Esq., [CBN 169257]
SAHELIAN LAW OFFICES
25108 Marguerite pkwy, Ste A
Mission Viejo, CA  92692
949. 859. 9200
e-mail: contact@sahelianlaw.com
Attorneys for Gates Estates, Inc.

# UNITED STATES DISTRICT COURT OF CALIFORNIA
## NORTHERN DISTRICT
## (SAN FRANCISCO)

| | |
|---|---|
| Andres Gomez<br>　　　　Plaintiff,<br>　　vs.<br>Gates Estates, Inc.<br>　　　　Defendants.<br><br>. | CASE NO.: 3:21-cv-07147-SK<br>The Honorable William Alsup<br><br>**REPLY BRIEF TO MOTION TO DISMISS**<br><br>Hearing Date: 2/10/22<br>Time: 8:00 AM |

---

REPLY BRIEF TO MOTION TO DISMISS [FRCP 12(b)1] Page 1 -

# REPLY BRIEF TO MOTION TO DISMISS [FRCP 12(b)1]

## I. INTRODUCTION

Plaintiff does not dispute that he lacks the wherewithal to buy property in Napa. Plaintiff also fails to explain how Defendant's alleged inaccessible website constitutes a nexus to a physical location; fails to allege he intended to visit a physical location (he does not even identify one) and could not because the website was inaccessible; and fails to allege he was trying to use Defendant's website to order goods and services from a physical location.

Plaintiff's claim must therefore be dismissed for lack of subject matter jurisdiction.

## II. ANALYSIS

**A. Plaintiff's status as a prospective customer intent on purchasing property in Napa is implausible. He cannot demonstrate injury-in-fact and therefore lacks standing**

An ADA plaintiff may establish standing "either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." *Chapman v. Pier 1* (U.S.) Inc., 631 F.3d 939, 944 (9th Cir. 2011). A court will dismiss a party's claim for lack of subject matter jurisdiction "only when the claim is so insubstantial, implausible ... or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998) Fed. R. Civ. 12(b)(1). A factual challenge permits the court to look beyond the complaint, without "presum[ing] the truthfulness of the plaintiff's allegations." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

1  Even the presence of disputed material facts "will not preclude the trial court
2  from evaluating for itself the merits of jurisdictional claims." *Roberts v.*
3  *Corrothers*, 812 F.2d 1173,1177 (9th Cir.1987). Once the moving party has
4  made a factual challenge by offering affidavits or other evidence to dispute
5  the allegations in the complaint, the non-moving party must "present
6  affidavits or any other evidence necessary to satisfy its burden of establishing
7  that the court, in fact, possesses subject matter jurisdiction." *St. Clair v. City*
8  *of Chico*, 880 F.2d 199, 201 (9th Cir. 1989).
9  
10         Here, the first amended complaint (FAC) alleges, "Plaintiff was a
11  prospective customer who wished to access Defendant's goods and services
12  of the Real Estate." ¶16. The allegation is implausible in view of Plaintiff's
13  testimony:
14          ·5· · ·Q· ·When was the last time you held a job?
15          ·6· · ·A· ·The last time I held a job was the factory I
16          ·7· ·had mentioned, factory job I had.
17          ·8· · ·Q· ·Okay.· And what year was that again?
18          ·9· · ·A· ·2010, around '10 or '9.
19          10· · ·Q· ·Okay.· How do you pay the bills without a job?
20          11· · ·A· ·I was receiving Social Security disability and
21          12· ·SSI as well.
22          13· · ·Q· ·When did you begin receiving --
23          14· · ·A· ·I started receiving it around 2000 -- I believe
24          15· ·2011.
25  
26         See Moving papers, Exhibit A, p. 26. Plaintiff's silence on this issue is
27  deafening. Plaintiff has sued about a dozen real estate agents in the Napa area.
28

He can not possibly qualify for a loan without an income stream. See Declaration of Elisabeth Bertolucci, Moving Papers, ¶ 4.

As the non-moving party, Plaintiff must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *St. Clair,* 201. He has not. In failing to oppose Defendant's contention, Plaintiff has in effect conceded that he has no standing to bring suit against Defendant. (where an argument is available but not raised, it is waived); *Hanse v. Long*, 2014 WL 3435871, *14 (C.D.Cal. Jan. 28, 2014), adopted 2014 WL 3436156 (C.D.Cal. July 10, 2014) (failure to address argument in reply is a concession of the argument).

As an aside, a real estate agent has no obligation to accept a customer, particularly one who is unable to qualify for a loan. Just as lawyers do, real estate agents can choose whom they want for a client. It is therefore presumptuous on the part of Plaintiff, here, to conclude that Defendant would have a legal duty to take him on as a customer; and invest tens of hours for the remote possibility of a commission.

The upshot is this: if Plaintiff cannot qualify for a loan to purchase property in Napa, then he has failed to demonstrate injury-in-fact. He therefore has no standing, and his claim must be dismissed.

**B. Defendant's website is not designed for ordering property for "at-home delivery or in-store pickup."**

Paragraph 12 of the FAC alleges: "Real Estate operates privileges, goods or services out of a physical location in California. These services are open to the public, places of public accommodation, and business establishments." Crucial, here, is that Plaintiff does not bother to provide an

address at which Defendant allegedly operates its retail facility.

A real estate agent's office is not vital to viewing, choosing, and buying property. Unlike a restaurant customer, a real estate customer can view homes and make a purchase *without ever having to visit his agent's office*. Therefore, Plaintiff cannot connect Defendant's website to its office, and then assert that his physical presence in Defendant's office is vital for viewing, choosing, and buying a property. Property can be viewed either on location, or on dozens of websites that stream the MLS (Multiple Listing Service). Defendant does not have a brick-and-mortar facility, with houses displayed on shelves, which Plaintiff can conveniently place in a basket on his way to the checkout counter.

*Robles v. Domino's Pizza LLC*, 913 F.3d 898 is distinguishable. In *Domino's* the Court made the connection between the restaurant's website, its App, and described the function of each. For instance, the App could be used for locating a specific Domino's restaurant, and placing an order, for either delivery or pickup. Here, Plaintiff is unable to order a house and do an in-store pickup twenty minutes later. Referring to Domino's inaccessible website, the Ninth Circuit explained it this way, "The alleged inaccessibility of Domino's website and app *impedes access to the goods and services of its physical pizza franchises*—which are places of public accommodation. 42 U.S.C. § 12181(7)(B) (listing a restaurant as a covered "public accommodation"). *Customers use the website and app to locate a nearby Domino's restaurant and order pizzas for at-home delivery or in-store pickup*. This nexus between Domino's website and app and physical restaurants … is critical to our analysis. … Because the ADA only covers "actual, physical

places where goods or services are open to the public, and places where the public gets those goods or services," there had to be "some connection between the good or service complained of and an actual physical place." … *Domino's website and app facilitate access to the goods and services of a place of public accommodation—Domino's physical restaurants. They are two of the primary (and heavily advertised) means of ordering Domino's products to be picked up at or delivered from Domino's restaurants.*" *Domino's*, 913 F.3d 898, 905. (emphasis added).

### C . The fallacy of Plaintiff's "terrestrial based privilege" theory

The Opposition reads: "Plaintiff has alleged just that. "The Website is a nexus between Decker Bullock Dreyfus Inc. [sic] customers and the *terrestrial based privileges*, goods or services offered by "Decker Bullock Dreyfus Inc" [sic] Complaint, Dkt. 1, para. 16. Plaintiff further alleges: "Decker Bullock Dreyfus Inc." [sic] offers websites and digital booking as some of the facilities, privileges, and advantages offered by Defendants to patrons of the Real Estate in connection with their patronage at the Real Estate, Complaint, Dkt. 1, para. 14." (emphasis added). Opposition, page 1, lines 4-10.

Paragraph 13 of the FAC reads: "The Website is a nexus between Real Estate's customers and the *terrestrial based privileges*, goods or services offered by Real Estate. (emphasis added).

For one, Decker Bullock Dreyfus is no longer a defendant, a fact that escapes Plaintiff.

Next, while "terrestrial based privileges" is certainly a novel term worthy of inclusion in a science fiction novel, it is utterly meaningless in the

context in which it is used here, as Plaintiff has not plead a nexus between Defendant's alleged failure to provide a readable Website, using SRS, and his ability to access a physical location, or take advantage of Defendant's services.

**D. A website is not a place of public accommodation**

Plaintiff argues, Opposition page 5, lines 20-21 "The question is not whether Mr. Gomez can establish that Defendants conduct all of their business in their Brick-and-Mortar office – a Real Estate Agency naturally does not do this as they are often out at showings, etc. - but merely if the website is one of the "goods, services, facilities, privileges, advantages, or accommodations" of a place of public accommodation. 42 U.S.C. § 12182 (a)."

Again, Plaintiff fails to make the distinction between a grocery store, a restaurant, and a real estate agent's office. A plaintiff who fails to allege any connection between the website barriers and a physical location does not have an ADA claim. *Langer v. Pep Boys Manny Moe & Jack of Cal.*, No. 20-cv-06015, 2021 WL 148237, at *5 (N.D. Cal. Jan. 15, 2021).

Plaintiff also alleges: "By failing to provide an accessible website, the defendants denied Plaintiff full and equal access to the facilities privileges or advantages offered to their customers. FAC ¶ 23. The allegation, here, is identical to that made against Pep Boys. *Pep Boys,* at **5-6. Langer's claims were dismissed because Langer: (i) failed to explain how the absence of closed captioning on website videos constituted a nexus to Pep Boys' physical locations; (ii) failed to allege he intended to visit a Pep Boys' physical location and could not because the website was inaccessible; (iii) failed to

allege he was trying to use Pep Boys' website to order goods and services from Pep Boys' physical locations; and (iv) incorrectly suggested that Pep Boys' website informational videos were a themselves a service that he was prevented from accessing.

### E. Deterrence from returning to the Website

Plaintiff has failed to plead that he "intends to return" to *any physical location or that he was "deterred" from using Defendant's services*. Instead, he pleads, "By failing to provide an accessible website, the defendants denied Plaintiff full and equal access to the facilities privileges or advantages offered to their customers." FAC ¶ 23; "Plaintiff has been deterred from returning to the Website as a result of these prior experiences"; "The failure to provide accessible facilities "created difficulty and discomfort for the Plaintiff." *Id*. ¶ 24-25. Plaintiff also alleges that he "is a tester in this litigation and seeks future compliance with all federal and state laws. Plaintiff will return to the Website to avail himself of its goods and/or services and to determine compliance with the disability access laws once it is represented to him that the Real Estate and Website are accessible." *Id*. ¶ 27.

Defendant has presented evidence that it does not maintain retail stores. Thus, the Complaint's allegation that, "By failing to provide an accessible website, the defendants denied Plaintiff full and equal access to the facilities privileges or advantages offered to their customers [*sic*]." *Id*. ¶ 23, appears to be boilerplate, inapplicable to this Defendant's business.

Plaintiff does not allege that he intends to ever return to a physical location—i.e., the agent's private office he claims are a public accommodation—if the supposed barriers are removed. Instead, Plaintiff

alleges that he "will return to the Website to avail himself of its goods and/or services once the Website is accessible." Plaintiff, thus, fails to plead deterrence.

### III. CONCLUSION

For all the foregoing reasons, this Court must grant Defendant's Motion to Dismiss *with prejudice,* as there is no possibility of curing the First Amended Complaint.

Respectfully submitted:

Date: 1/3/2022

SAHELIAN LAW OFFICES

_____
Ara Sahelian, Esq.